**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MAPAY, LLC, d/b/a APIERION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 24-cv-8614** |
| **v.** | ) | |
| | ) | **Judge Jeffrey I. Cummings** |
| **ROBERT METZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

The Court has reviewed plaintiff's motion for leave to file third amended complaint [66] and defendants' response [67] and has determined that no reply brief is necessary. For the reasons set forth below, plaintiff's motion for leave to amend [66] is granted. Plaintiff shall promptly file the clean version of the third amended complaint as a separate docket entry. Defendants shall answer or otherwise plead by August 15, 2025 and their previously filed motion to dismiss [39] is denied without prejudice. The August 20, 2025 joint status report deadline stands.

## STATEMENT

On September 18, 2024, plaintiff MAPay, LLC, a global healthcare fintech company, initiated this action against defendants Robert Metz, Armour Ops, LLC, Kathryn Mertes-Egeland, BRANDominance, Inc., and Michael Sullivan (collectively, "defendants") asserting claims for breach of contract, misappropriation of and conspiracy to misappropriate trade secrets under the federal Defend Trade Secrets Act ("DTSA") and Illinois law, and false association under the Lanham Act. In short, plaintiff's claims allegedly arise out of the parties' non-disclosure agreements, defendants' submission of a provisional patent application based on plaintiff's technology and trade secrets without plaintiff's authorization, and defendants' false and misleading public statements regarding the ownership and origination of defendants' products, technology, and services. (Dckt. #18 at 2).

Defendants moved to dismiss plaintiff's complaint, after which—pursuant to Rule 15 15(a)(1)(B) and the Court's case management procedures—plaintiff filed a first amended complaint, adding allegations, but asserting the same claims against the same parties.[1] Defendants again filed a motion to dismiss pursuant to Rule 12(b)(6), (Dckt. #39), arguing that: (1) plaintiff failed to state a claim under the DTSA because it (a) failed to plead reasonable

---

[1] In its original and first amended complaint, plaintiff also asserted claims against Natalie Allman Dumstorff and Natalie Allman, Inc., but plaintiff has since dismissed the Allman defendants pursuant to settlement. (Dckt. #48). The second amended complaint in this case was targeted solely at removing the Allman defendants from the case.

measures to maintain secrecy; (b) failed to sufficiently plead independent economic value; and (c) failed to identify its trade secrets; (2) failed to plead its false association claim; and (3) that the Court should relinquish jurisdiction over plaintiff's remaining state law claims, which, alternatively, defendant argued are otherwise deficient. Defendants' motion to dismiss was fully briefed as of April 11, 2025.

Shortly thereafter, plaintiff's counsel filed a motion to withdraw. The Court held a hearing on that motion on June 10, 2025, granted counsel's leave to withdraw, and directed plaintiff to retain new counsel on or before June 24, 2025. (Dckt. #58). Plaintiff's new counsel appeared on July 1, 2025, began to meet and confer regarding outstanding and ongoing discovery, and, on July 18, 2025—the Court's deadline to amend pleadings—filed the instant motion for leave to file a third amended complaint. (Dckt. #66). In it, plaintiff seeks to add three individual plaintiffs and additional claims (against the same defendants) for violation of the Illinois Uniform Deceptive Trade Practices Act, defamation and defamation per se, unfair competition, and false light invasion of privacy. In plaintiffs' view, leave to amend should be freely granted because, *inter alia*, the additional plaintiffs have "always been a part of this matter as key players in [its] operations and the target of Defendants' schemes" and the proposed complaint will "likely resolve some, or perhaps all," of the issues raised in defendants' motion to dismiss. (*Id*. at 2, 4).

Defendants oppose the request, (Dckt. #67), arguing, *inter alia*, that plaintiff could have sought leave to amend earlier, its undue delay will cause defendants prejudice in the way of additional and expensive discovery to address the new plaintiffs and claims, and that the amended pleading will likely not moot the issues raised in defendants' motion to dismiss. For the following reasons, the Court disagrees and, within its discretion, grants plaintiff's motion for leave to amend.

To begin, pursuant to Rule 15(a), the Court "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a); *see also Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015) ("The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend."). However, "[d]elay on its own is usually not reason enough for a court to deny a motion to amend." *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 76 (N.D.Ill. 2016), *quoting Soltys v. Costello*, 520 F.3d 737 743 (7th Cir. 2008); *see also Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) ("Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing.") (cleaned up). Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Soltys*, 520 F.3d at 743, *quoting Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

Here, although defendants correctly point out that plaintiff *could* have acted sooner in seeking leave to add the additional plaintiffs and claims, any resulting prejudice to defendants is lacking. In particular, plaintiff filed its motion to amend: (1) shortly after new counsel appeared and within the Court-ordered deadline to do so; (2) while the pleadings remain at issue; (3) while

2

discovery is ongoing; and (4) long before a trial date has even been contemplated, let alone set. Indeed, although discovery has been ongoing since January 2025, based on the parties' latest status report following the appearance of new counsel, the parties agreed that "additional fact discovery remains, including further written discovery, document production, potential third-party discovery, and depositions." (Dckt. #64 at 2). As such, discovery appears to remain in its infancy, no depositions have been taken, and defendants have not shown that proceeding on the third amended complaint would result in "substantially *more* discovery." *See Hendrick v. City of Chicago*, No. 24 C 867, 2025 WL 615127, at *2 (N.D.Ill. Feb. 26, 2025) ("While it is true that an amendment may be prejudicial if it requires the parties to engage in substantially more discovery, *Thomas v. Mashak*, 743 Fed.Appx.702, 703–04 (7th Cir. 2018), Defendants do not provide support that [Plaintiff's] new claim will require this.") (cleaned up); *see also Wood v. Sec. Credit Servs.*, LLC, 583 F.Supp.3d 1137, 1142 (N.D.Ill. 2022) (no prejudice to defendants when plaintiff added a new claim, despite it necessitating additional discovery).

Moreover, defendants do not dispute plaintiff's representation that the additional plaintiffs have been "key players" in this matter—indeed, defendants sued the same plaintiffs in another case—and thus it is likely defendants would have sought to depose the persons in question whether they were named plaintiffs or not. Furthermore, to avoid any potential prejudice to defendants as a consequence of plaintiff's delay in seeking amendment, the Court will entertain reasonable requests to extend the current October 3, 2025 fact discovery.

Finally, although the Court reaches no conclusion as to whether plaintiffs' third amended complaint can fully withstand any renewed motion to dismiss, at a minimum, it is aimed at resolving at least some of the issues raised by defendants. For example, in response to defendants' argument that plaintiff failed to plead a claim under the DTSA, plaintiffs purport to add allegations to specify the trade secrets at issue, state the independent economic value of those trade secrets, and detail the additional steps it took to protect the trade secrets. (*See, e.g.,* Dckt. #66-1 at 16-20). Simply put, the Court cannot say that it "is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted," and it thus grants plaintiff leave to amend. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (emphasis added). Of course, defendants are free to file a renewed motion to dismiss, if appropriate, to re-assert any prior arguments, or to assert any new arguments (e.g., that the defamation claims should be asserted in defendants' state court case against plaintiffs).

For all of these reasons, the Court, in its discretion, will grant plaintiff's motion for leave to amend, (Dckt. #66).

**Date: July 25, 2025**

Jeffrey I. Cummings
**United States District Court Judge**

3